(15 App. Div. 401.)

### PEOPLE ex rel. HOWARD v. ROOSEVELT et al.

(Supreme Court, Appellate Division, First Department. March 5, 1897.)

REMOVAL OF POLICEMAN—NEGLECT OF DUTY.

The dismissal of a policeman for neglect of duty cannot be sustained by proof that while on duty he was seen sitting on a box near a pail of lager beer, where there is no allegation or evidence that he was absent from his post, or drank of the beer, or sat any length of time, or that the rules forbade sitting while on duty.

Certiorari by Michael J. Howard to review proceedings of Theodore Roosevelt and others, constituting the board of police commissioners of New York City, dismissing relator from the police force. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George H. Bruce, for appellant.
Terence Farley, for respondents.

INGRAHAM, J. The charge against this relator was neglect of duty, the specification being that "said Patrolman Michael Howard

was sitting on a box at the foot of East 130th street, with a tin pail, containing lager beer, alongside of him, at 9:24 p. m., April 15, 1896, in company with Patrolman George Weidecke, during his tour of patrol duty." To justify a conviction of a member of the uniformed force upon such a charge, it seems to me quite clear that there must be evidence of a neglect on the part of the officer to perform the duty imposed upon him by his office or by some rule of the department. No rule of the department is presented which makes it a duty of the officer to maintain an erect position at all times while on duty. If it appeared that the officer had neglected to patrol his post for such a period as would justify a finding that the post was unprotected, or his duty neglected, then it might be that such action of the officer would justify such a charge. Here there was no evidence that the officer was absent from his post at all, and no evidence that he was seated for any period of time. To sustain the charge, an acting inspector testified that he found Howard sitting on a box on the dock; that another officer was near him, eating oysters, and that there was a can of beer on the box alongside of Howard. From the testimony it would appear that the dock on which Howard was sitting on a box was on his post. Howard was not eating oysters, and the inspector expressly disclaims seeing him drink any beer, or touch the can at all. It seems to me that this evidence is not sufficient to justify the conviction. The only thing that is proved against the officer is that he sat down on the box. It does not appear that he sat there any length of time. He says that he felt the effects of a wound that he had received in the discharge of his duty, and went on the dock and sat down; and there is not the slightest evidence to contradict his statement as to his illness and the cause of it, and no evidence that he was sitting on the box for any appreciable time. It is difficult to see upon what principle this evidence tends to show that he was guilty of a neglect of duty. In those cases where it is sought to review the action of the police commissioners, we have considered it our duty to give to the testimony a construction—if it will legitimately bear such construction—that would sustain the finding of the commissioners, realizing that the discipline of the force requires that the commissioners should be upheld in their determination to maintain the strictest discipline, and to impress upon the members of the force a necessity of a strict obedience to the rules of the department. We think, however, that this is a case where, accepting the testimony of the inspector, there was yet no fact testified to which would justify a finding of a neglect of duty on the part of the officer; that the mere sitting down on a box is not, under any rule of the department to which our attention has been called, or which has been made a part of the record, a neglect of duty that would justify a dismissal.

We think, therefore, that the proceedings should be reversed, and the relator reinstated, with $50 costs and disbursements. All concur.