880        45 NEW YORK SUPPLEMENT      (Sup. Ct.
and 79 New York State Reporter.

PEOPLE et rel. WEIDEKE v. ROOSEVELT et al.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

POLICEMEN—DISMISSAL—ABSENCE FROM POST.
    Absence of a policeman from his post during his tour of patrol duty is not cause for dismissal, where it was occasioned by the necessity of using a toilet closet, and there was no such closet on his post.

Certiorari by George Weideke to review the action of Theodore Roosevelt and others, composing the board of police commissioners of New York City, dismissing relator from the police force. Reversed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

George H. Bruce, for relator.
Terence Farley, for respondents.

O'BRIEN, J. The relator was charged with "neglect of duty," the specification being that "said patrolman, George Weideke, was absent from his post, and was in company with Patrolman Michael Howard, on the dock at the foot of East One Hundred and Thirtieth street, at 9:24 p. m., April 15, 1896, during his tour of patrol duty." While the complaint and specifications do not charge that the relator did anything more than absent himself from duty, the complaining inspector was permitted to testify that the relator was eating oysters, but he disclaimed any intention to accuse him of drinking, and the eating of oysters was denied by the relator. As the eating of oysters was not made a part of the charge, and was only incidentally brought out in the testimony, and was not relied upon as a reason for dismissal, there is no need of considering it further; but we are to determine, upon the evidence, whether there was sufficient to sustain the conclusion reached by the commissioners, that the relator was guilty of being absent from post without reasonable excuse. It appears that there was no toilet closet on the relator's post, which was the bridge at 3d avenue and 130th street; that, finding it necessary to use such a closet, he summoned the bridge tender, and said he was going to a toilet closet on the dock, and, if any roundsman or other person came inquiring for him, to tell him where he had gone; that, on coming out of the closet, the relator saw Officer Howard sitting on a box, and, upon approaching him to inquire what was the trouble with him, received from Howard the answer that he was ill. At that moment the inspector came, and, seeing the relator off his post, afterwards reported him for neglect of duty; and out of these circumstances grew the trial and dismissal.

As there is no contradiction of the fact that the relator was absent from post for the purpose mentioned, we think that, though his position on the dock was a technical violation of his duty, such an excuse should have been accepted, unless there was reason to regard it as a pretense or subterfuge. Upon this question we have the testimony of the bridge tender, who corroborates the relator in all respects, as to his going away, and leaving word to tell the roundsman, if he should come in his absence, where he had gone. We have also

the period of his absence, which, according to the bridge tender, was not more than 10 or 15 minutes, some few minutes of which were necessarily consumed in his conversation with Officer Howard, whom he found sitting on a box, complaining of being ill; and it was a natural thing for him, under the circumstances, to approach Howard, and inquire as to his condition. The relator and Howard were tried together, and both were dismissed; but the conviction of Howard was reversed, for the reasons stated in the opinion of the court. 15 App. Div. 401, 44 N. Y. Supp. 102. As against this relator, we think the same result should follow, because it appears that, while he was some feet off his post, that of itself was not a "neglect of duty." If he was called from his post by circumstances over which he had no control, or in the discharge of his duty, he did not "neglect" it. The cause of his temporary absence was established by indisputable evidence, to the benefit of which the relator was entitled, and, upon the whole evidence, we do not think the charge was sustained.

The proceedings should therefore be annulled, and the relator reinstated, with costs. All concur.